**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**

**ROGER RAY,**

                Plaintiff,

**v.**                                          **Civil Action No. 2:13-CV-75
(BAILEY)**

**KEVIN CUTLIP**, city police officer
for the Town of Cowen, WV; and
**TOWN OF COWEN**,
an incorporated municipality,

                Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR SUBSTITUTION OF PARTY**

Presently pending before this Court is Plaintiff's Motion for Substitution of Party [Doc. 16], filed February 28, 2014.  Plaintiff moves to substitute James Ray as a named party in place of Roger Ray, now deceased.  For the reasons set forth below, Plaintiff's Motion will be **GRANTED IN PART** and **DENIED IN PART**.

**I.**    <u>**Background**</u>

Plaintiff Roger Ray passed away on December 1, 2013.  James Ray, Roger Ray's son, was named Administrator of Roger Ray's estate on December 20, 2013.  [Doc. 16 at ¶¶ 1–2].  Plaintiff's Motion asks this Court to enter an Order substituting James Ray as the plaintiff pursuant to Federal Rule of Civil Procedure 25(a)(1) and notes that defendants raise no objection to same.  Rule 25(a)(1), however, permits substitution of a new party upon the death of another only under certain specified circumstances.  As Rule 25(a)(1) states:

> Substitution if the Claim Is Not Extinguished. If a party dies *and the claim is not extinguished*, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1) (emphasis added). Thus, this Court may order the requested substitution where three circumstances obtain: (1) a motion for substitution is made by a party or by decedent's representative (2) within 90 days after the notice of death is filed, *and* (3) the decedent's claim is not extinguished by his death.

While the first two prongs of the Rule are here satisfied, as the instant Motion and plaintiff's Statement Noting a Party's Death [Doc. 15] were filed on the same day, plaintiff fails to discuss the third prong: whether Roger Ray's claims were extinguished by his death. This Court may not substitute a party under Rule 25(a)(1) without making that determination. As discussed below, while Counts I, IV, and V of plaintiff's complaint survive, Count II was extinguished upon Roger Ray's death, and Count III survives only insofar as it raises constitutional claims not predicated upon false arrest.

## II.    Discussion

Plaintiff's Amended Complaint [Doc. 17] sets forth five causes of action: Count I, an excessive force claim pursuant to 42 U.S.C. § 1983; Count II, a false arrest claim pursuant to 42 U.S.C. § 1983; Count III, a claim for violations of plaintiff's state and federal constitutional rights; Count IV, a battery claim; and Count V, a claim for negligent hiring, training, retention, and supervision. [Doc. 17 at ¶¶ 19–61]. The survivability and propriety of substitution with respect to each Count will be considered in turn.

## A.     42 U.S.C. § 1983 Claims

Federal law does not cover the survivability of actions brought pursuant to 42 U.S.C. § 1983.  **Robertson v. Wegmann**, 436 U.S. 584, 589 (1978).  Rather, the law of the forum state governs their survival, subject to the caveat that application of state law does not offend the federal policy undergirding § 1983.  **Id.**  Where state law provides no specific guidance, courts determine survivability by examining the state-tort analog underlying a particular § 1983 claim.  **Carey v. Piphus**, 435 U.S. 247, 258 (1978); **Jones v. George**, 533 F. Supp. 1293, 1300 (S.D. W.Va. 1982).

Here, as West Virginia is the forum state, its law governs.  West Virginia law, however, neither explicitly prescribes nor explicitly proscribes survival of § 1983 actions.  Survivability of plaintiff's § 1983 claims for false arrest and excessive force therefore turns on the survivability of their closest state-law tort analogs.  *See* **Carey**, 435 U.S. at 258.

### i.     False Arrest

Plaintiff's § 1983 claim for false arrest does not survive.  The Supreme Court of Appeals of West Virginia has repeatedly held that the tort of false arrest is extinguished upon the death of a party.  *See, e.g.*, **Wilt v. State Auto. Mut. Ins. Co.**, 203 W.Va. 165, 170, 506 S.E.2d 608, 613 (1998) (citing **Rodgers v. Corp. of Harpers Ferry**, 179 W.Va. 637, 640, 371 S.E.2d 358, 361 (1988), *abrogated on other grounds by* **Courtney v. Courtney**, 190 W.Va. 126, 437 S.E.2d 436 (1993)); **Cavendish v. Moffitt**, 163 W.Va. 38, 39–40, 253 S.E.2d 558, 559 (1979) (citing **Snodgrass v. Sisson's Mobile Home Sales, Inc.**, 161 W.Va. 588, 244 S.E.2d 321, 325 (1978)).

Further, this Court finds that abatement of plaintiff's false arrest § 1983 claim does

not offend the federal policy undergirding § 1983.  As the Supreme Court has stated:

> Despite the broad sweep of § 1983 we can find nothing in the statute or its underlying policies to indicate that a state law causing abatement of a particular action should invariably be ignored in favor of a rule of absolute survivorship . . . .  The goal of compensating those injured by a deprivation of rights provides no basis for requiring compensation of one who is merely suing as the executor of the deceased's estate . . . .  [T]he fact that a particular action might abate surely would not adversely affect § 1983's role in preventing official illegality, at least in situations in which there is no claim that the illegality caused the plaintiff's death.

*Robertson*, 436 U.S. at 590–94.  Here, there is no claim that the illegality alleged in plaintiff's complaint caused Roger Ray's death.  Thus, there is no reason to deviate from the result dictated by West Virginia law: Plaintiff's false arrest claim under § 1983 is extinguished.  Consequently, substitution is inappropriate as to this claim under Rule 25(a)(1), and Count II of plaintiff's Amended Complaint must be **DISMISSED**.

### ii.    Excessive Force

No reported West Virginia decision identifies the state-law tort analog of a § 1983 claim for excessive force.  Other state high courts, however, characterize excessive force claims as analogous to claims for assault or battery, and this Court agrees.  *See, e.g.*, **Wilson v. Isaacs**, 929 N.E.2d 200, 203 (Ind. 2010) ("If an officer uses unnecessary or excessive force [in making an arrest], the officer may commit the torts of assault and battery.").  A claim for assault or battery which does not result in the claimant's death survives under West Virginia law.  *See* W.Va. Code § 55-7-8a(a) ("[C]auses of action for . . . injuries to the person and not resulting in death . . . also shall survive").

Moreover, the West Virginia Supreme Court has noted, albeit in an unreported decision, that a claim for excessive force has a two-year statute of limitations.  ***Thomas v.***

*Crowder*, No. 12-1303, 2013 WL 5508375 at *1 (W.Va. Oct. 4, 2013) (affirming circuit court's holding). The applicable statute of limitations is relevant because in West Virginia, the limitation period applicable to a claim for which no limitation period is statutorily prescribed is determined by reference to the claim's survivability. *See* W.Va. Code § 55-2-12; *Wilt*, 203 W.Va. at 170. Claims which survive the death of a party under West Virginia law take a two-year statute of limitations, while claims which do not survive take a one-year limitations period. *Wilt*, 203 W.Va. at 170–71. No limitation period for an excessive force claim is prescribed by West Virginia statute; thus, the **Thomas** court's indication that a claim for excessive force nevertheless takes a two-year limitation period indicates that such a claim must survive the death of a party.

Consequently, this Court finds that plaintiff's excessive force claim under § 1983 survives Roger Ray's death, making substitution of a new party under Rule 25(a)(1) appropriate as to Count I of the Amended Complaint.

### B. Constitutional Tort Claim

Although somewhat misleadingly captioned "State Constitutional Violations," Count III of plaintiff's Amended Complaint states causes of action under both the federal Constitution, for violations of plaintiff's rights secured by the Fourth, Eighth, and Fourteenth Amendments, and the West Virginia Constitution, for violations of plaintiff's rights secured by Article III, sections 1, 5, 6, and 10. [Doc. 17 at ¶¶ 41–42]. The predicate acts underlying both the federal and state claims are stated, in full, as follows:

> The defendant Cutlip violated the plaintiff's constitutional rights, as described and identified herein, when the defendant Cutlip used excessive force and wrongful force during the course of arresting the plaintiff and when the defendant Cutlip unlawfully arrested the plaintiff on or about September 19, 2010.

*Id.* at ¶ 44.

### i.    Federal Constitutional Claims

As plead in the Amended Complaint, plaintiff's federal constitutional claims are merely a restatement of his 42 U.S.C. § 1983 claims for excessive force and false arrest. *See* 42 U.S.C. § 1983 ("Every person who, under color of [state law], subjects . . . any citizen of the United States . . . to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured . . ."). Thus, the analysis conducted in section II.A, *supra*, applies, and need not be restated here.

### ii.    State Constitutional Claims

While plaintiff's state constitutional tort claims are causes of action independent from his federal constitutional claims,[1] plaintiff's state claims are, like his federal claims, predicated upon excessive force and false arrest. Although West Virginia's survivability statute provides no specific guidance regarding the survivability of state constitutional tort claims and no reported West Virginia decision discusses the issue,[2] this Court is of the opinion that survivability of such claims should be analyzed in the same manner as a federal constitutional tort claim: by reference to the most closely analogous state common-law torts. *Cf.* **Carey**, 435 U.S. at 258.

Because plaintiff's state constitutional tort claims rest upon false arrest and

---

[1] West Virginia recognizes a private right of action for violations of the West Virginia Constitution. *See* **Hutchison v. City of Huntington**, 198 W.Va. 139, 150, 479 S.E.2d 649, 660 (1996) ("[A] private cause of action exists where state government, or its entities, cause injury to a citizen by denying due process.").

[2] This Court was, in fact, unable to find a reported decision from any jurisdiction discussing this issue.

excessive force, the previously conducted analysis once again applies. Consequently, for the reasons set forth in section II.A.i, *supra*, plaintiff's state constitutional tort claim predicated upon false arrest does not survive Roger Ray's death and must therefore be **DISMISSED**. Plaintiff's state constitutional tort claim predicated upon excessive force, however, survives for the reasons set forth in section II.A.ii, *supra*, making substitution of a new party under Rule 25(a)(1) appropriate as to that claim.

### C. Battery Claim

A claim for battery that does not result in the claimant's death survives under West Virginia law. *See* W.Va. Code § 55-7-8a(a) ("[C]auses of action for . . . injuries to the person and not resulting in death . . . also shall survive"); ***Courtney***, 190 W.Va. at 129 (holding that claims for "assault and battery are controlled by the two-year statute of limitations contained in W.Va. Code § 55-2-12(b)"). This Court therefore finds that plaintiff's battery claim survives Roger Ray's death, making substitution of a new party appropriate under Rule 25(a)(1) as to Count IV of the Amended Complaint.

### D. Negligent Hiring, Training, Retention, and Supervision Claim

Plaintiff's negligent hiring, training, retention, and supervision claim likewise survives under West Virginia law. The West Virginia Supreme Court has noted, albeit in an unreported decision, that tort claims for negligent hiring and supervision practices take a two-year statute of limitations under § 55-2-12. ***Pizzuto v. Randolph***, No. 12-1298, 2013 WL 5508382 at *2 & n.3 (W.Va. Oct. 4, 2013) (affirming circuit court's holding). As previously discussed,[3] in West Virginia, the limitation period applicable to a claim for which

---

[3] *See supra* section II.A.ii.

no limitation period is statutorily prescribed is determined by reference to the claim's survivability, and claims which survive the death of a party take a two-year limitation period. *See* W.Va. Code § 55-2-12; **Wilt**, 203 W.Va. at 170–71. No limitation period for negligent hiring or supervision claims is prescribed by West Virginia statute; thus, the **Pizzuto** court's indication that claims for negligent hiring and supervision practices nevertheless take a two-year limitation period indicates that such claims must survive the death of a party.

Consequently, this Court finds that plaintiff's negligent hiring, training, retention, and supervision claim survives Roger Ray's death, making substitution of a new party under Rule 25(a)(1) appropriate as to Count V of the Amended Complaint.

## CONCLUSION

Accordingly, this Court **ORDERS** as follows:

1. Count II of plaintiff's Amended Complaint [Doc. 17] is hereby **DISMISSED** in its entirety;

2. Count III of plaintiff's Amended Complaint [Doc. 17] is hereby **DISMISSED** insofar as it raises claims for violations of the federal Constitution and West Virginia Constitution predicated upon false arrest; and

3. Plaintiff's Motion for Substitution of Party **[Doc. 16]** is hereby **GRANTED** as it pertains to all remaining claims.

Plaintiff's Motion for Substitution of Party **[Doc. 16]** is therefore **GRANTED IN PART** and **DENIED IN PART**.

It is so **ORDERED**.

The Clerk is directed to transmit a copy of this Order to counsel of record herein.

**DATED:** March 5, 2014.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE